IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PATRICIA SHEEHEY, PATRICK SHEEHEY, RAYNETTE AH CHONG, individually and on behalf of the class of licensed foster care providers in the state of Hawaii, | ) ) ) ) ) ) ) | CIVIL 13-00663 LEK-KSC |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| PATRICIA MCMANAMAN, in her official capacity as the Director of the Hawaii Department of Human Services, | ) ) ) ) ) | |
| Defendant. | ) ) | |

# ORDER DENYING DEFENDANT'S MOTION TO DISMISS
# PLAINTIFF RAYNETTE AH CHONG FROM FIRST AMENDED COMPLAINT

On May 13, 2014, Defendant Patricia McManaman, in her official capacity as the Director of the Hawai`i Department of Human Services ("DHS" and "Defendant"), filed her Motion to Dismiss Plaintiff Raynette Ah Chong from First Amended Complaint ("Motion"). [Dkt. no. 50.] Plaintiffs Raynette Ah Chong ("Ah Chong"), Patricia Sheehey, and Patrick Sheehey ("the Sheeheys," all collectively "Plaintiffs") filed their memorandum in opposition on June 16, 2014, and Defendant filed her reply on June 23, 2014. [Dkt. nos. 67, 69.] This matter came on for hearing on July 7, 2014. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of

counsel, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background of this case is set forth in this Court's April 4, 2014 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and Denying Plaintiff's Cross-Motion for Leave to File First Amended Complaint ("4/4/14 Order"). [Dkt. nos. 23 (motion), 35 (cross-motion), 45 (4/4/14 Order).[1]] Ah Chong filed her original Complaint for Declaratory Judgment and Permanent Injunctive Relief ("Complaint") on December 3, 2013. [Dkt. no. 1.] The Complaint alleged a single claim: a 42 U.S.C. § 1983 claim based upon the violation of the Child Welfare Act's requirement that participating states provide "foster care maintenance payments" to licensed foster parents. [Id. at ¶¶ 26, 38.]

The 4/4/14 Order dismissed Ah Chong's claim without prejudice. 2014 WL 1366181, at *6. In response to Defendant's motion to dismiss the original Complaint, Ah Chong argued that she has standing to challenge the amount of DHS's foster care maintenance payment because the adoption assistance payments she receives are limited by the amount of the foster care maintenance payment. This Court rejected Ah Chong's argument because the original Complaint did not contain any allegations regarding

---

[1] The 4/4/14 Order is also available at 2014 WL 1366181.

adoption assistance payments.  Id. at *3.  The Court also ruled that Ah Chong did not have standing to bring a claim for inadequate foster care maintenance payments because she did not present evidence that she would likely suffer future injury. Specifically, Ah Chong did not present evidence of the number of potential foster placements that could injure her in the manner described in the Complaint, nor did Ah Chong present evidence of the appropriate age and gender of the foster child she would accept if DHS offered her a placement.  Furthermore, this Court stated that, to plead a sufficient basis for standing, Ah Chong would have to state plausible factual allegations regarding the likelihood that DHS will offer her a placement that she considers appropriate.  Id. at *4-5.

On April 30, 2014, Plaintiffs filed their First Amended Complaint for Declaratory Judgment and Permanent Injunctive Relief ("First Amended Complaint").  [Dkt. no. 47.]  The First Amended Complaint includes new factual allegations, and Plaintiffs expanded the single claim of the First Amended Complaint to include a challenge to DHS's determination of adoption assistance payments.  The crux of the First Amended Complaint is set forth in its Introduction:

> 1.  This is a class action for declaratory and injunctive relief brought on behalf of caregivers residing in Hawai`i who care for abused and neglected children who have been removed from the custody of their parents by operation of state law.

> 2. Plaintiffs PATRICIA SHEEHEY, PATRICK SHEEHEY, and RAYNETTE NALANI AH CHONG are long-time foster care providers. They have not received payments adequate to cover the costs of providing care to their foster children. Ms. Ah Chong also has received inadequate adoption assistance and permanency assistance payments to support former foster children she has adopted, or of which she has permanent custody, because those payments are limited by law to the amount of the inadequate foster care maintenance payments.[2]
>
> 3. Plaintiffs seek a declaratory ruling regarding the proper amounts owed to foster and adoptive parents in Hawai`i under The Child Welfare Act, Title IV-E of the Social Security Act, 42 U.S.C. §§ 670-679(b) (the "Child Welfare Act" or "CWA") as well as an injunction prohibiting Defendant from continuing to violate the rights of foster and adoptive parents under the CWA by failing to make foster care maintenance payments adequate to cover the costs of foster care (the amount of which payment limits adoption assistance . . . payments), and by failing in the future to (a) employ a proper methodology for determining foster care maintenance rates that takes into account statutorily prescribed criteria, and (b) update the amount periodically to be in compliance with law.

[Id. at ¶¶ 1-3.]

Plaintiffs bring this case on behalf of recipients of not only foster care maintenance payments, but also payments from DHS that are limited by the amount of the foster care maintenance payment. [Id. at ¶¶ 16-17.] Plaintiffs allege that the inadequate foster care maintenance payment affects the adoption

---

[2] During the hearing on the instant Motion, Plaintiffs' counsel acknowledged that Ah Chong is not pursuing her claim regarding permanency assistance payments. This Court therefore does not address any further arguments by the parties regarding permanency assistance payments.

assistance payment that adoptive parents receive because the adoption assistance payment is capped at the amount of Hawaii's inadequate foster care maintenance payment. [Id. at ¶ 7.] According to the First Amended Complaint, "[t]here is currently an actual controversy between Plaintiffs and Defendant that is ripe for adjudication as to whether . . . adoption assistance payment rates fail to comply with federal law in setting and adjusting rates for foster care maintenance payments." [Id. at ¶ 27.]

Plaintiffs claim that they desire to continue providing care and comfort to foster children, but want to be compensated properly for the cost of providing for the children's basic needs, as required by federal law. The First Amended Complaint alleges that the Sheeheys are currently caring for a foster child in their home, for whom they receive foster care maintenance payments. [Id. at ¶¶ 9-10.]

According to Plaintiffs, DHS renewed Ah Chong's license to be a foster care provider on September 13, 2013, at which time Ah Chong was certified to provide boarding care for up to two children through September 13, 2015. [Id. at ¶ 11.] Plaintiffs state that DHS continues to ask Ah Chong to care for foster children and that, in fact, in early April 2014, DHS asked Ah Chong to be "on standby" to foster a boy who attended kindergarten in her hometown. [Id.] Ah Chong agreed, but was

ultimately informed that the boy was placed with another foster family.  [Id.]

The First Amended Complaint states that Ah Chong's current household composition is best suited for boys between the ages of five and nine.  According to Plaintiffs, when offered such a placement, Ah Chong expects to take a foster child under her care again.  The First Amended Complaint acknowledges that Ah Chong has no current foster children living in her home, but she has two children she adopted, both of whom came into her care through the foster care system.[3]  Plaintiffs claim that Ah Chong receives monthly payments from DHS for each of those children, but the monthly payments are limited by a $529.00 cap because the Child Welfare Act and DHS rules cap the payment rates for adoption assistance at the foster care maintenance payment rate.  [Id. at ¶ 12.]

Plaintiffs assert that DHS's failure to set adequate foster care maintenance payments prevents full and fair consideration of an adopted child's and parents' needs because, although adoption assistance payments are based on an assessment of the care and supervision required by the child, these payments cannot exceed the foster care maintenance payment.  [Id. at

---

[3] Ah Chong also has two other children who came into her care through the foster care system, of whom she has permanent custody.  [First Amended Complaint at ¶ 12.]  As this Court has already noted, Ah Chong is not pursuing her claim regarding permanency assistance payments.

¶ 48.] Plaintiffs further allege that, although bills were introduced during the 2014 legislative session that would have increased the amount of the foster care maintenance payment and the adoption assistance payment, none of the proposals addressed Defendant's obligation to periodically adjust the amount of the foster care maintenance payment.[4] [Id. at ¶ 51.]

The First Amended Complaint prays for this Court to: 1) assume jurisdiction over this action; 2) declare that Defendant is violating the Child Welfare Act; 3) enjoin Defendant temporarily and permanently from failing to pay foster care maintenance payments that satisfy the requirements of the Child Welfare Act; 4) order Defendant to prepare and implement a payment system that complies with the Child Welfare Act; 5) order Defendant to base adoption assistance payments on the foster care maintenance payment prepared and implemented in accordance with the payment system requested in this case; 6) award Plaintiffs the full costs of this action and reasonable attorneys' fees; and 7) order such other relief the Court may deem just and proper. [Id. at pgs. 20-21.]

Defendant now asks this Court to dismiss Ah Chong's claims in the First Amended Complaint.

## DISCUSSION

---

[4] Defendant points out that the amount of the foster care maintenance payment was increased during the 2014 legislative session. [Reply at 4.]

## I. Lack of Subject Matter Jurisdiction

Defendant brings the instant Motion pursuant to Fed. R. Civ. P. 12(b)(1). The applicable standard is set forth in the 4/4/14 Order. 2014 WL 1366181, at *2.

Defendant urges this Court to dismiss Ah Chong's claims in the First Amended Complaint for lack of standing because Ah Chong still does not have a foster child in her home, and she currently is not receiving foster care maintenance payments from DHS. Defendant also urges this Court to dismiss Ah Chong's claims in the First Amended Complaint because the likelihood that Ah Chong will become a foster parent in the future is purely speculative.

The Ninth Circuit has stated that there are three requirements for Article III standing: 1) injury in fact, 2) causation, and 3) redressability. When determining whether these three requirements are met, a court must look to the facts as they existed at the time the plaintiff filed the complaint. 4/4/14 Order, 2014 WL 1366181, at *3 (quoting Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 950 (9th Cir. 2013); ACLU of Nev. v. Lomax, 471 F.3d 1010, 1015 (9th Cir. 2006)).

In the instant case, although Ah Chong is not receiving foster care maintenance payments, Plaintiffs argue that Ah Chong is currently suffering an injury in fact as a result of

Defendant's actions. Ah Chong has two former foster children whom she adopted. She receives a monthly payment of $529.00 for each child from DHS. [First Amended Complaint at ¶ 12.] Plaintiffs argue that the foster care maintenance payment is inadequate to cover the costs of care for a child and that the adoption assistance payment that Ah Chong currently receives is limited by the inadequate foster care maintenance payment. Thus, Plaintiffs argue that Ah Chong has standing to bring this suit to address Defendant's violation of the Child Welfare Act because DHS's grossly inadequate foster care maintenance payment also limits Ah Chong's adoption assistance payment to an inadequate amount. This Court agrees.

42 U.S.C. § 673(a)(3) states that "in no case may the amount of the adoption assistance payment . . . exceed the foster care maintenance payment . . . ." In essence, the adoption assistance payment, which Ah Chong receives for the two children she adopted, is tied to the foster care maintenance payment. This Court therefore finds that Ah Chong is currently suffering the alleged injury described in the First Amended Complaint. Ah Chong's injury is also fairly traceable to DHS's allegedly inadequate foster care maintenance payment, and her injury is likely to be cured by the relief that Plaintiffs are seeking. Further, the relief sought in this case will likely redress the injury that Ah Chong and the subclass of adoptive parents she

represents are suffering.  This Court therefore FINDS that Ah Chong has standing to pursue the claim challenging DHS's determination of adoption assistance payments.

Plaintiffs next argue that Ah Chong has standing because she has suffered the alleged injury from the inadequate foster care maintenance payment in the past, and it is likely that she will suffer similar injury in the future.  This Court agrees.

The Ninth Circuit has stated that, to establish a present case or controversy, the plaintiff must show that she has been injured by Defendant's allegedly unlawful conduct in the past and is likely to be exposed to similar injury in the future. Such a showing must be objective in character and not simply an attestation that the plaintiff fears a repetition of the challenged conduct.  4/4/14 Order, 2014 WL 1366181, at *4 (quoting Coverdell v. Wash. Dep't of Soc. & Health Servs., 834 F.2d 758, 766 (9th Cir. 1987)).

In the instant case, Plaintiffs state that Ah Chong has a current license to be a foster care provider for up to two children through September 13, 2015, and that Ah Chong will accept a foster placement if the foster child is a boy between five and nine years old.  [First Amended Complaint at ¶ 12.] Plaintiffs also argue that it is likely that DHS will offer Ah Chong an appropriate placement in the future, as evidenced by

the fact that DHS made two requests of Ah Chong within the six months prior to the filing of the First Amended Complaint. While Ah Chong declined DHS's November 2013 request because of age and gender issues, [Mem. in Opp. at 7,] she accepted DHS's April 2014 request, but DHS ultimately placed the child with another family [First Amended Complaint at ¶ 11]. Clearly, Ah Chong has no control over placement once she accepts a request for placement from DHS. Plaintiffs have thus demonstrated that Ah Chong is likely to suffer similar injury resulting from the inadequate foster care maintenance payment in the future. Plaintiffs have further demonstrated that Ah Chong's injury is fairly traceable to DHS's inadequate foster care maintenance payment, and Ah Chong's injury is likely to be redressed by the relief that Plaintiffs are seeking.

This Court therefore FINDS that Ah Chong has standing to challenge the adequacy of DHS's foster care maintenance payments.

## II. Failure to State a Claim

Defendant also brings the instant Motion pursuant to Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading

11

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). A sufficient complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citation omitted). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Id. (quoting Fed. Rule Civ. Proc. 8(a)(2)).

Defendant argues that Ah Chong fails to state a claim for relief based on adoption assistance payments because Plaintiffs have failed to establish that Ah Chong is entitled to, but is not receiving, a particular amount required under federal law. Defendant further argues that Ah Chong fails to state a claim for relief based on adoption assistance payments because such payments: are not required by federal law; are determined by agreement between the State and the adoptive parents; do not need to satisfy a minimum value or cover any particular costs of the adopted child; and, if provided, cannot exceed the foster care maintenance payment the child would have received had the child been in a foster home.

While it may be true that adoption assistance payments are determined by agreement between the State and the adoptive parents, federal law limits the adoption assistance payment to the amount of the foster care maintenance payment, 42 U.S.C. § 673(a)(3), which is determined by the State. If the State sets the foster care maintenance payment at an amount that is impermissibly low, in many cases, the amount of the adoption assistance payment will also be impermissibly low. In other words, the foster care maintenance payment and the adoption assistance payment are inextricably intertwined. In addition, § 673(a)(3) mandates that the State or local agency, in providing adoption assistance payments, "take into consideration the

13

circumstances of the adopting parents and the needs of the child being adopted."  Plaintiffs have sufficiently alleged that, as a general matter, recipients of adoption assistance payments, including Ah Chong, cannot agree to an amount higher than the foster care maintenance payment because of the cap on adoption assistance payments, which, in turn, prevents DHS from making the required individualized assessments of an adopted child's and parents' needs.

This Court therefore FINDS that Ah Chong has stated a plausible claim for relief based on the alleged inadequacy of adoption assistance payments.

## **CONCLUSION**

On the basis of the foregoing, Defendant's Motion to Dismiss Plaintiff Raynette Ah Chong from First Amended Complaint, filed May 13, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

//
//
//
//
//
//

DATED AT HONOLULU, HAWAII, July 24, 2014.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PATRICIA SHEEHEY, ET AL. VS. PATRICIA MCMANAMAN, ETC.; CIVIL 13-00663 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF RAYNETTE AH CHONG FROM FIRST AMENDED COMPLAINT**