IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICIA SHEEHEY, PATRICK SHEEHEY, RAYNETTE AH CHONG, individually and or behalf of the class of licensed foster care providers in the State of Hawaii,<br><br>        Plaintiff,<br><br>    vs.<br><br>PATRICIA MCMANAMAN, in her official capacity as the Director of the Hawaii Department of Human Services,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 13-00663 LEK-KSC |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION TO DISMISS <u>RAYNETTE AH CHONG FROM FIRST AMENDED COMPLAINT</u>**

On July 24, 2014, this Court issued its Order Denying Defendant's Motion to Dismiss Plaintiff Raynette Ah Chong from First Amended Complaint ("7/24/14 Order").[1] [Dkt. no. 77.[2]] On July 25, 2014, Defendant Patricia McManaman, in her official capacity as the Director of the Hawai`i Department of Human Services ("DHS" and "Defendant"), filed a motion for

---

[1] Plaintiffs filed their First Amended Complaint for Declaratory Judgment and Permanent Injunctive Relief ("First Amended Complaint") on April 30, 2014. [Dkt. no. 47.] Defendant filed the Motion to Dismiss Plaintiff Raynette Ah Chong from First Amended Complaint ("Motion to Dismiss") on May 13, 2014. [Dkt. no. 50.]

[2] The 7/24/14 Order is available at 2014 WL 3726140.

reconsideration of the 7/24/14 Order ("Motion for Reconsideration").  [Dkt. no. 78.]  Plaintiffs Raynette Ah Chong ("Ah Chong"), Patricia Sheehey, and Patrick Sheehey (collectively "Plaintiffs") filed their memorandum in opposition on August 11, 2014, and Defendant filed her reply on August 18, 2014.  [Dkt. nos. 84, 87.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and this Court are familiar with the factual and procedural background in this case, and this Court will only discuss the background that is relevant to the instant Motion for Reconsideration.

In the 7/24/14 Order, this Court found that: Ah Chong has standing to challenge the adequacy of the maintenance payments that DHS provides to foster care providers ("Foster Care Maintenance Payment Claim"); 2014 WL 3726140, at *5; and she stated a plausible claim challenging the adequacy of the maintenance payments that DHS provides to families that adopt ("Adoption Assistance Claim"); id. at *6.  In the instant Motion

2

for Reconsideration, Defendant argues that this Court's failure to dismiss the Adoption Assistance Claim, pursuant to Fed. R. Civ. P. 12(b)(6), was a manifest error of law.

**STANDARD**

This district court has recognized that:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Morris v. McHugh, 997 F. Supp. 2d 1144, 1172 (D. Hawai`i 2014) (footnote omitted).

**DISCUSSION**

In ruling that Ah Chong's Adoption Assistance Claim stated a plausible claim for relief, this Court stated that, "[i]f the State sets the foster care maintenance payment at an amount that is impermissibly low, in many cases, the amount of the adoption assistance payment will also be impermissibly low." 7/24/14 Order, 2014 WL 3726140, at *6. Defendant argues that this statement proves that the denial of the Motion to Dismiss as to the Adoption Assistance Claim was based on a manifest error of

law "because adoptive parents receiving adoption assistance payments are, as a matter of law, not entitled to receive any specific minimum payment amount." [Mem. in Supp. of Motion for Reconsideration at 4.] Defendant also argues that the First Amended Complaint "does not allege the loss of a federally-protected right with respect to adoption assistance payments," [id. at 5 (emphasis omitted),] because 42 U.S.C. § 673(a)(3) does not require: adjustment of the payments; a specific minimum payment; or that the payments cover the cost of any specific items" [id. at 9].

Defendant's arguments indicate a fundamental misunderstanding of this Court's rulings in the 7/24/14 Order. The specific language that Defendant challenges from the 7/24/14 Order appears in the following context.

> While it may be true that adoption assistance payments are determined by agreement between the State and the adoptive parents, federal law limits the adoption assistance payment to the amount of the foster care maintenance payment, 42 U.S.C. § 673(a)(3), which is determined by the State. If the State sets the foster care maintenance payment at an amount that is impermissibly low, in many cases, the amount of the adoption assistance payment will also be impermissibly low. In other words, the foster care maintenance payment and the adoption assistance payment are inextricably intertwined. In addition, § 673(a)(3) mandates that the State or local agency, in providing adoption assistance payments, "take into consideration the circumstances of the adopting parents and the needs of the child being adopted." Plaintiffs have sufficiently alleged that, as a general matter, **recipients of adoption assistance payments, including Ah Chong, cannot agree to an**

4

> **amount higher than the foster care maintenance payment because of the cap on adoption assistance payments, which, in turn, prevents DHS from making the required individualized assessments of an adopted child's and parents' needs**.

2014 WL 3726140, at *6 (emphasis added). This Court has **not** construed Ah Chong's Adoption Assistance Claim as alleging that DHS failed to adjust the adoption assistance payments. This Court has construed the claim as alleging that DHS improperly determines the amounts offered to parents in the first instance because the cap set by the foster care maintenance payment is so low that it prevents DHS from making individualized assessments of the circumstances of each set of adoptive parents and child.

The Ninth Circuit has held that "the text and structure of the [Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 620 *et seq.*,] contains the requisite 'rights-creating' language that evinces a congressional intent to confer an entitlement to individualized payment determinations." ASW v. Oregon, 424 F.3d 970, 975 (9th Cir. 2005). Defendant acknowledges this principle. [Mem. in Supp. of Motion at 10-11.] Further, in ASW, the Ninth Circuit concluded that the plaintiffs' § 1983 claim "that they were entitled to individualized payment determinations" was "not subject to dismissal for failure to state a claim." Id. at 978. Thus, the plaintiffs' claim in ASW is similar to Ah Chong's Adoption Assistance Claim, and the Ninth Circuit's holdings in ASW supports this Court's denial of

5

Defendant's Motion to Dismiss as to that claim.

Neither <u>ASW</u> nor any of the other authorities that Defendant cites establishes that the 7/24/14 Order is based on a manifest error of law.  This Court therefore FINDS that Defendant has not established any basis for reconsideration of the 7/24/14 Order.

## **CONCLUSION**

On the basis of the foregoing, Defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Dismiss Raynette Ah Chong from First Amended Complaint, filed July 25, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 29, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**PATRICIA SHEEHEY, ET AL. VS. PATRICIA MCMANAMAN; CIVIL 13-00663 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION TO DISMISS RAYNETTE AH CHONG FROM FIRST AMENDED COMPLAINT**